Rum?in,-"Judge.
Theonly exception on thepartofthe defendants is.that the commissioner rejected a credit claim-, ed by them, for actual expenses and charges paid. The fact of payment, , and fairness of the payments are not disputed. The commissioner decided on the idea, that the állowance could not be made, because the commissions covered the claim. But he was wrong ;• for the act of ‘1799 (Rev. c. 536) has an express proviso, that the executor may retain for charges, over and above his commissions. The charges of travelling, employing agents, or costs of .suit-might overgo the commissions; which are designed foi* the executor’s risk and labor. Tim ex - ception must be allowed.
The plaintiffs have taken several exceptions. One relates to the commissions allowed Cotton and Jackson. The commissioner has allowed five per cent on the receipts,, and the interest thereon, up to taking the account, and also five per cent upon the disbursements in payment of debts, and on payment to thé legatees, and the balance, row in the hands of the executors. Commissions cannot *55 be given on the payments to the legatees, made or to be made. (Potter v. Stone 2 Hawks 30.) They may, in the discretion of the court, be allowed on the other items; but as actual expenditures are claimed and given here, a commission of five per cent on the principal sums received, namely, $18,711 65,. is an adequate compensa-, tion. This exception is therefore allowed.
Commission? to legatees.
A.H © «C6C11 isnotliableupois the insolvency of for assets which trol,.
Another, and the most important -exception, is that which relates to the debt, due from Burton to the testatrix at her death. He o wed her, upon his own bond the sum of $2889 50, and hath become insolvent. The commissioner has not charged the other executors with that debt-; and this exception is founded on that omission. It is said, .they are liable, because the debt was lost by their culpable negligence; and evidence has been taken to show, that. Burton’s circumstances became doubtful, and then ruinous, after the death of the testatrix ; and that Cotton and Jackson wore aware of it. The circumstances have been commented on. They are not gone over again now, be- . cause the deci'sion-is on a general principle. Tho’ifthe defendants’ liability depended on their knowledge and bona Jules, it might he difficult to charge them here., For according to the evidence, Mr. Burton’s failure was sudden, and caused by unforseen circumstances; and at least, unknown to the world and his co-executors, until he made a general assignment of a very large estate, and converted himself, in an instant, from a man apparently affluent into an insolvent- one. But it is a new position, that one executor is responsible for the acts of another, where the former has done nothing. The rule has been often laid, down, that he is liable, not for standing by, hut for parting with assets once under his control. An executor is not liable for money never in- his ‘ power, upon the insolvency of-a co-executor with the effects in his hands. Suppose a testator appoints an executor insolvent at the time. Can a co-executor say, he shall not prove the will, nor receive the assets, contrary to the appointment in the .will ? By what authority nan he say, the testator had a false confidence ? But it i.s said, if the insolvency take place afterwards, it is-the *56 duty of the other to receive the fund, because he is á trustee; especially where there are infants and others, not sui juris. ■ That the legatees themselves may come ,|nt0 this court to secure their legacies is very true. Upon that is bottomed the argument for the power of the co-executor, and thereupon, his duty. That does not A ' * follow. That an executor. is a trustee, is not denied. for what? is the question. He is trustee for what is in his hands; or what has been in his hands, or within his separate power and control. He is not the curator or. guardian of the legatees, as against the ins°Uency of the other executor. It may be doubted, whether he could- call the other to account. Upon what Principle could he ask the other .to pay him the money in his hands ; and thereby make him liable for his own insolvency, which may happen ? Both, as against each other, derive their power from the same source, and hold an equal measure of it. But there is no necessity for such an obligation on the executor. .For since the legatees may themselves sue, their redress is in their own hands ; and they cannot complain, that an executor did not sue, while they themselves lay by. But if one executor may call the funds out of another’s hands, is he bound to do it ? The very, power of the legatee, and his own laches is an excuse, for the executor. There is no need of a suit by both, and the legatee’s example justifies the executor. But the want of a precedent is decisive upon this question. No case has been cited or found, that looks that way. . Those mentioned are altogether upon different points, Atkinson v. Henshaw (2 Ves. & Bed. 85) and Ball v. Oliver (2 Id. 95) establish only, that pond-ing a litigation for probate in the Ecclesiastical Court, the chancellor, upon a bill by any body interested, will appoint a receiver, as a better security than an administration 'pendente lite. But that does liot establish, that after probate, the executor shall not receive the assets, because he is insolvent, though the testator said he might, and the legatees are willing he should, or at least, do not ask that he shall not. Lepard v. Vernon (1 Ves. & Bea. 51) is a case,' where one executor (not insolvent) asf *57 signed a debt, not negotiable, and the debtor refused to pay, but bi-ought the money into court. Upon the bill of the other executors, it was decreed to them for the general creditors, against the assignee : who had no legal title, and no higher equity than the general creditors. But that is no authority, that the executor, whose assignment passed nothing, could not have received from the debtor himself, if such had been the fact. This being a debt from the executor himself, due to the testatrix in her lifetime, became assets in the executors’ hands upon her death, for the satisfaction of creditors and legatees. If he had paid it to the other executor, it would not have excused him to the creditors and there ought, therefore, to be no means of compelling such a payment. The delivery of the negroes, bequeathed to Burton, did not alter it. He had, as executor, the same right to them that they had : and it was a specific legacy, which does not abate. This exception is therefore overruled. *
*56 Legatees can come mto equi-iy, to secure themselves a-vene * of6 annex' ecutor.0 aU CX
_ , .. followthatan ex-peían insolvent co-executor to seemTthat^he* cwmot.
*57 Executors haw no rig-lit to charg-e a specific legacy be- , fiueatlie<l to a co-executor, with a debt dué to tllB
PerRumir, J annexe cutor purchase* ^géts.íeforeho has proved the eíecmorShldeK-: ver him his own alscT’others'1 for collection, and wa^dsVovesthe will, and be-the co-executors are liable for the purchases and collections:
The other exceptions relate to transactions occurring after the death of the testator. Before Burton qualified as executor, he purchased at a salq made by the others, to the amount of S420 85 ; and the executors also left with him, as an agent, for collection, the bonds of other persons residing in his neighbourhood, which he received. The whole, including his own purchases and the interest* makes the sum of S 930 68. This the commissioner has also charged to Burton alone ; and the report is exce.pt.ed to, because he did not charge it to the three. I am free to say, that if the question stood on these facts alone, the liability of the others is very probable; because they could have sued at law on the bond taken to themselves for g>420 85-; and as to the other, they appointed an agent, who had it in his power, by acting as executor, to put them at defiance. But those difficulties arc removed by other facts, appearing on the report. Those monies he did apply, under the authority of the other'executors, to the payment of debts of the testatrix, except the suin of §78 05. Consequently, nothing was lost by the confidence reposed in him in this respect, except the above small balance. And 1hat is more than covered by the *58 commissions allowed Mm; which makes a balance-of $15 01 due him, and applicable to his large debt. Those exceptions are therefore overruled.
,. But disbursements by the insolvent in payment of debts of the testator, made by directions of his co-executors, shall exonerate them pro ¡taü0»andnot be applied hr a debt which he owe the testator in his lifetime.
JPerHwirnjiKsosr, e. J. where it swy°forSan*Kie* cutor to employ pohrtmentofone who was nomi-cutor/but never proved the will, the^confidence a-eposed in him bv the testator.
The exception as to Mr. Burton’s account, is partly correct, as the commissions allowed' are too heavy; but the difference is so inconsiderable* as not to. induce the court to interfere in such a way, as. to alter the state of the accounts of the other- executors; It is therefore allowed, to the extent of $15 01, so as to leave the balance due from said Burton, of $ 2,889 50, instead of $2,874 4 9,! as reported; and for the residue, it is overruled.